UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALPACA SHOP FRANCHISE CO.,
    Plaintiff,

v.

EDYTHE ROXBURGH,
    Defendant.

No. 3:05cv1203 (SRU)

### RULING AND ORDER ON PETITION FOR CONFIRMATION OF ARBITRATION AWARD

Edythe Roxburgh filed a petition (consolidated case 3:08cv1474(SRU), Am. Pet./Compl., doc. # 5) pursuant to 9 U.S.C. §§ 9, 13 for confirmation of an arbitration award. For the reasons that follow, that petition is **GRANTED**.

**I.    Background**[1]

At all relevant times, Roxburgh has been a resident of Connecticut and The Alpaca Shop Franchise Company, LLC ("TAS") has been a limited liability company existing under the laws of the State of Michigan and maintaining a principal office in Michigan.

On June 27, 2003, the parties entered into a written Franchise Agreement. (Am. Pet./Compl., Ex. A.) The contract contained an arbitration agreement, which provided that the parties would arbitrate any dispute arising out of the Franchise Agreement before the American Arbitration Association under its commercial rules. (*Id.* ¶ 23.4.) The Franchise Agreement provides evidence of a transaction involving commerce within the meaning of 9 U.S.C. § 1.

---

[1] The facts are taken from Roxburgh's amended petition/complaint. Although the amended complaint is not a verified complaint, The Alpaca Shop filed a response (docs. ## 69-79) to the amended petition/complaint that functions as an answer and in which it did not dispute the veracity of the alleged facts. Accordingly, the facts in the amended petition/complaint are deemed admitted.

The present case commenced on July 28, 2005. On April 7, 2006, the parties agreed to arbitration and a consent order (doc. # 66). On April 13, 2006, it was determined that all issues in the case "will be decided in arbitration" and the case was closed (doc. # 67). Pursuant to the arbitration clause of the contract, the parties submitted the dispute to arbitration, with Alan R. Miller of Michigan being appointed arbitrator. The arbitration was held over three days in June 2007 and the arbitrator's award was rendered on October 4, 2007. (Am. Pet./Compl., Ex. B.) Among the other terms of the award, Roxburgh was ordered to return all remaining TAS inventory in her possession.

The award gave each party 60 days to comply with the order. On October 9, 2007, TAS moved for reconsideration of the order. On November 13, 2007, the arbitrator denied reconsideration. Roxburgh alleges that "[s]ince the denial by the arbitrator of the Motion for Reconsideration, in or about January 2008, TAS refused to take delivery of the inventory" and otherwise refused to comply with the order.

TAS initiated an action in the United States Federal District Court for the Eastern District of Michigan to vacate and/or reconsider portions of the arbitrator's award pursuant to 9 U.S.C. §§ 10, 11. (Am. Pet./Compl., Ex. C.) The complaint was dismissed as untimely and the case was closed. (Am. Pet./Compl., Ex. D.)

The present case was reopened after the petitioner, Edythe Roxburgh, petitioned the court on September 26, 2008 to confirm the arbitration award and enforce it in the district. TAS objects to the motion.

## II. Standard of Review

"Congress enacted the FAA to replace judicial indisposition to arbitration with a national policy favoring it and placing arbitration agreements on equal footing with all other contracts." *Hall Street Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008) (citation, quotations, and alterations omitted). The FAA provides that the district court must grant a petition to confirm an arbitration award if it is properly brought within one year of the date of the award. *See* 9 U.S.C. § 9 ("the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.").

Although judicial review of an arbitration award is very limited, "a court should not attempt to enforce an award that is ambiguous or indefinite" and such awards "should be remanded to the arbitrators so that the court will know exactly what it is being asked to enforce." *Americas Insur. Co. v. Seagull Compania Naviera, S.A.*, 774 F.2d 64, 67 (2d Cir. 1985). Although "construing ambiguous provisions of an arbitration award is the proper province of the arbitrator, not the courts," *Fischer v. CGA Computer Associates, Inc.*, 612 F. Supp. 1038, 1041 (S.D.N.Y. 1985) (quotation omitted), an award may be confirmed where the true intent of the arbitrator is apparent. *See Blue Tee Corp. v. Koehring*, 808 F. Supp. 343, 347 (S.D.N.Y. 1992). Remand to the arbitrator should therefore be granted sparingly because of the likelihood that the arbitrator will believe that "a 'remand' is equivalent to a 'retrial' with an expectation of an opposite result the second time around." *Fischer*, 612 F. Supp. at 1041 (quotation omitted).

In *York Research Corp. v. Landgarten*, 927 F.2d 119 (2d Cir.1991), the Court remanded to the district court to seek clarification from the arbitrators with respect to a portion of their award granting "any and all damages and expenses." *Id.* at 123.

"Whether enforcing an agreement to arbitrate or construing an arbitration clause, courts and arbitrators must give effect to the contractual rights and expectations of the parties. In this endeavor, as with any other contract, the parties' intentions control." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1773-74 (2010) (citations and quotations omitted).

## III. Discussion

The party moving for an order confirming an arbitration award must file particular papers with the clerk for the entry of judgment thereon.[2] 9 U.S.C. § 13. That statute provides that: "The judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." TAS does not dispute that Roxburgh has complied with the requirements of Section 13.

Federal law provides a time period of one year in which the parties may seek the judgment of a court to be entered upon the award, as well as default provisions for determining the appropriate court. 9 U.S.C. § 9. The Franchise Agreement specified that the arbitration award "may be entered and enforced in any court of competent jurisdiction." (Am. Pet./Compl., Ex. A. ¶ 23.4.) TAS does not now challenge Roxburgh's petition for failing to comply with any aspect of Section 9.[3]

---

[2] The required papers include "(a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award. (b) The award. [and] (c) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application." 9 U.S.C. § 13.

[3] Initially, TAS argued that jurisdiction for the motion to enforce the judgment was improper in Connecticut (consolidated case 3:08cv1474(SRU), docs. ## 9, 10), but I dismissed its argument and denied its motion to dismiss by oral ruling (consolidated case

The parties dispute whether the award can be entered as-is. Roxburgh does not merely petition for confirmation of the award, but also requests various other relief, which I address below. TAS objects to the motion to confirm and requests either that the court (a) remand the award to the arbitrator for clarification or (b) "confirm the award according to its specific terms which places no limits on TAS's right to reject any or all of the merchandise as damaged."

As an initial matter, TAS has not convinced me that it is appropriate to remand the award to the arbitrator for clarification. TAS was not without opportunities to challenge the award. Indeed, it requested that the arbitrator reconsider the award, but was denied reconsideration. Additionally, it could have timely moved pursuant to 9 U.S.C. § 12 in a district court to vacate, modify, or correct the award. TAS failed to move timely for that relief in the district court in Michigan and may not seek the foreclosed relief in this court. (Am. Pet./Compl., Ex. D.)

An "arbitral decision may be vacated when an arbitrator has exhibited a manifest disregard of law." *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 208 (2d Cir. 2002) (citations and quotations omitted). The Second Circuit has stated that the "standard of review under this judicially created doctrine is severely limited." *Id.* (citations and quotations omitted). TAS has not argued that the arbitrator exhibited a "manifest disregard of law" and I therefore decline to vacate the award on that ground.

TAS's final argument is that the award is ambiguous and must be remanded so that the arbitrator may construe the ambiguous terms. I do not find any of the terms ambiguous. TAS argues that the award is unclear or ambiguous because it establishes a value that Roxburgh should receive ($127,716.00) for repurchase of the merchandise "provided that such inventory

---

3:08cv1474(SRU), doc. # 26).

and supplies are not damaged in any way," but establishes no procedures or standards for determining whether any merchandise is damaged. TAS argues the court may not confirm a monetary award of $127,716.00 without answering questions the arbitrator did not decide, including (1) by whom the merchandise is to be evaluated for any evidence of damage; (2) what constitutes "damage" in regards to the merchandise; (3) how the award is to be adjusted for damages to the merchandise; and (4) what limits, if any, there are on TAS's right to reject the merchandise as damaged.

Contrary to TAS's assertion, however, the award's silence on these issues does not make it "ambiguous." The award was made pursuant to the parties' Franchise Agreement. The arbitrator's award incorporates the parties' intentions as memorialized in that agreement. The arbitrator's determination that TAS must repurchase inventory was therefore made in light of the following provision of the Agreement:

> If the parties cannot agree on the price of any [supplies], an independent appraiser shall be designed by The Alpaca Shop and Shop Owner and his determination shall be binding. If The Alpaca Shop and Shop Owner cannot agree on an appraiser within fifteen (15) days, each party shall designate an independent appraiser, and the two designated shall select a third independent appraiser. The determination of fair market value of the third appraiser so chosen shall be Binding. The Alpaca Shop and Shop owner shall share equally in the cost of any independent appraiser(s). If The Alpaca Shop elects to exercise any option to purchase herein provided, the closing shall take place within fifteen (15) days after the purchase price shall have been established. The Alpaca Shop shall have the right to set off all amounts due from Shop Owner, and the cost of the appraisal, if any, against the payment price of such items.

(Pl. Mem. in Supp., doc. # 6, Ex. A ¶ 14.9.)[4] TAS's argument that the award is unclear and

---

[4] The relevant provisions of the Agreement were not reproduced in the exhibit to petitioner's motion to confirm, therefore, a prior submission of the Agreement is cited here.

requires remand is without merit.

Roxburgh additionally requests that (1) any money judgment entered for her be reduced by the 5% royalty fees awarded against her and to TAS; (2) I vacate the consent ordered previously entered in this court; (3) I award "reasonable storage costs for the inventory" TAS "refused" to accept; and (4) I award any other relief I deem just and equitable.

(1) The terms of the award clearly instruct Roxburgh to pay TAS royalty payments in the form of "5% of her income for the years 2003-2006." (Am. Pet./Compl., Ex. B, at 12.) The parties are ordered to determine those amounts within fourteen days.

(2) Roxburgh has not shown why the entire consent order previously entered (doc. # 66) should be vacated. The arbitrator entered his award with knowledge of the order. To the extent provisions in the consent order conflict with the arbitration award, the arbitration award controls. Certain provisions in the award require particular actions to occur upon the earliest of three events, "(1) the entry of a final arbitration award in favor of TAS, (b) an order by a court of competent jurisdiction in favor of TAS, or (c) an agreement by the parties." The entry of the award upon this judgment satisfies the first condition – the award rendered by the arbitrator was partially in favor of TAS, and partially in favor of Roxburgh. Accordingly, those provisions have now expired. Because the provisions have expired, there is no need to vacate them.

(3) I am without power or jurisdiction to award Roxburgh "reasonable storage costs for the inventory." It is not provided for in the agreement. To the extent Roxburgh asserts that TAS breached the arbitration award and failed to repurchase clothing, that, like the prior disagreement, is an argument that must be arbitrated pursuant to the arbitration provision of the Franchise Agreement.

I decline to award any other relief beyond what is awarded in the arbitration award.

## IV. Conclusion

The petition to confirm the arbitration award (doc. # 5) is **GRANTED**.

The parties are instructed to calculate royalty payments owed to TAS in the form of 5% of Roxburgh's income for the years 2003-2006, and to provide those numbers to the court. Upon receipt of the royalty numbers, judgment shall enter and this case shall be closed. It is so ordered.

Dated at Bridgeport, Connecticut, this 22nd day of July 2010.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge